UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN PACHNIK and
JANET PACHNIK,

      Petitioners,                             Case No. 15-mc-51425
                                                    Hon. Gerald E. Rosen

v.

JENNIFER FAUNCE, GARY L.
DOVRE, and STEVEN P. JOPPICH,

      Respondents.
_____/

## ORDER OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       December 29, 2015

PRESENT:  Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

On October 13, 2015, *pro se* Petitioners Jan and Janet Pachnik filed a sheaf of documents with the Court bearing such captions as "Writ [of] Mandamus," "Default Judgment Coram Ipso Rege," "Writ of Habeas Corpus," "Order to Show Cause," and "Writ [of] Certiorari." Consistent with these captions, the documents themselves are chock-full of legal jargon and littered with indiscriminate references to treatises, case law, statutes, and other sources such as the Magna Carta, the letters of Oliver Wendell Holmes, and Seneca's Medea. The Clerk of the Court was understandably uncertain what to make of Petitioners' submission, and elected to open a miscellaneous case while noting

that Petitioners had not paid a filing fee or applied for *in forma pauperis* ("IFP") status.

Upon reviewing Petitioners' submission, the Court readily concludes that this miscellaneous action must be dismissed for lack of subject matter jurisdiction, as Petitioners do not appear to seek any sort of relief that this Court is authorized to grant under the circumstances (apparently) presented here. Contrary to Petitioners' evident misconception of how the judicial system operates, the pertinent Federal Rule of Civil Procedure provides that a suit may be commenced through a "short and plain statement" of "the grounds for the court's jurisdiction" and the claim or claims giving rise to an "entitle[ment] to relief." Fed. R. Civ. P. 8(a). This same Rule further emphasizes that "[e]ach allegation" in a pleading "must be simple, concise, and direct," and that "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). While these standards are intended to be easily satisfied by represented and *pro se* litigants alike, Petitioners have made no apparent effort to comply with Rule 8, but instead have filed a hodgepodge of materials that are the farthest thing imaginable from the requisite "short and plain statement" of a claim for relief. Indeed, many of the documents submitted by Petitioners purport to be **awards** of relief by "the court," supported by the (undecipherable) signature of a "Unified United States Common Law Grand Jury Administrator." If Petitioners truly seek relief from this Court, surely it is necessary to **identify** this relief and provide a "short and plain statement" of the grounds for such an award, but this basic information is nowhere to be found among the jumble of legalese offered by Petitioners. *See Apple v. Glenn,* 183 F.3d

2

477, 479 (6th Cir. 1999) (recognizing the authority of the federal district courts to *sua sponte* dismiss a complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations of the complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

It is only at the very end of Petitioner's submission, in an affidavit evidently prepared by Petitioner Jan Pachnik,[1] that the Court is able to get any sense of the underlying circumstances that presumably motivated the present filing. Specifically, this affidavit refers to state court litigation and other enforcement efforts evidently pursued by government officials in the community in which Petitioners reside, Lenox Township, arising from allegations of blight and code violations on Petitioners' property. Although it is unclear from their submission, Petitioners presumably are dissatisfied with these enforcement actions against their property. Most notably, one of the individuals named as respondents in their submission is Michigan Circuit Court Judge Jennifer M. Faunce, who evidently presided over at least some of the judicial proceedings concerning alleged blight on Petitioners' property.[2]

Yet, having thoroughly reviewed Petitioners' submission, the Court remains at a

---

[1] Although this affidavit purports to be three pages in length, only the first two pages were submitted to the Court. As a result, this unsigned document does not qualify as a sworn affidavit, nor does it include an attestation of its truth under penalty of perjury that would permit its use as a substitute for a sworn affidavit. *See* 28 U.S.C. § 1746.

[2] The other two respondents named by Petitioners are private attorneys, and Michigan Attorney General Bill Schuette also is identified in some of the documents submitted by Petitioners as an additional respondent.

loss as to what claims for relief Petitioners mean to pursue arising from the facts recounted in Mr. Pachnik's affidavit. Even assuming Petitioners' true intentions could be discerned from their muddled filing, any claims arguably asserted against Judge Faunce arising from her role in the state court proceedings brought against Petitioners would surely be barred by judicial immunity. *See Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997); *Kircher v. City of Ypsilanti,* 458 F. Supp.2d 439, 446-48 (E.D. Mich. 2006). More generally, this Court has no freestanding supervisory power over the Michigan courts, *see, e.g., Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970); *In re Campbell,* 264 F.3d 730, 731 (7th Cir. 2001)*; In re Grand Jury Proceedings,* 654 F.2d 268, 278-79 (3d Cir. 1981); *see also* 28 U.S.C. § 2283 (prohibiting the federal courts from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"), nor does it have the authority, except in rare circumstances not presented here, to issue a writ of mandamus or similar order commanding state or local government officials to take or refrain from a particular action, *see, e.g., McMinn v. Damiani,* No. 84-3717, 1985 WL 13323, at *1 (6th Cir. May 3, 1985); *In re Jones,* No. 01-4312, 28 F. App'x 133, 135 (3d Cir. Jan. 17, 2002).

Finally, to the extent that Petitioners are dissatisfied with the outcome of a state court proceeding, their proper recourse is to pursue an appeal to the Michigan appellate courts, followed by a petition to the U.S. Supreme Court for a writ of certiorari. As

confirmed by binding precedent, this Court lacks the authority to review or overturn a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 283-84, 125 S. Ct. 1517, 1521-22 (2005).

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this miscellaneous action is DISMISSED for failure to assert a cognizable claim for relief that lies within this Court's subject matter jurisdiction.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: December 29, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 29, 2015, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135